**LAW OFFICES OF GREGG S. SODINI, LLC**
500 Harding Road
Freehold, New Jersey 07728
(732) 431-0011
Fax (732) 431-2022
GSS (1766)
*Attorneys for Defendant Bank of America, N.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERGWALL LAW FIRM, P.C., <br><br> *Plaintiff,* <br> v. <br><br> BANK OF AMERICA, N.A., GLOBAL STAINLESS SUPPLY, INC., SUMITOMO CORPORATION OF AMERICA, <br><br> *Defendants.* | Civil Action No. 2:10-cv-04500-DMC-JAD <br><br> **ANSWER, SEPARATE DEFENSES AND COUNTERCLAIMS** |

Defendant Bank of America, N.A. ("BOA"), by way of Answer to the Verified Complaint (the "Complaint") filed on behalf of Plaintiff Bergwall Law Firm, P.C. ("Plaintiff") in this matter says as follows:

**OVERVIEW**

1-3.   To the extent paragraphs 1 through 3 contain conclusions of law, no response is required or made and BOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 1 through 3 except to (a) admit that Plaintiff has brought and asserts various claims in the above-captioned action as set forth in the Complaint, (b) admit that certain communications took place between representatives of Plaintiff and BOA but to deny that these communications took place as alleged by Plaintiff and deny that Plaintiff's recitations of alleged communications in these paragraphs completely and accurately set forth the substance of

1

those communications, (c) deny that the alleged check (check number 017232) at issue herein (the "Counterfeit Check") was drawn on an account maintained at BOA, (d) deny that BOA denied Plaintiff access to its IOLTA account and (e) deny that BOA refused or otherwise denied any request by Defendant Global Stainless Supply, Inc. ("GSS") to close any account it may have maintained at BOA.

## JURISDICTION AND VENUE

4. To the extent paragraph 4 contains conclusions of law, no response is required or made and BOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 except to admit that BOA has branch offices in Essex County in the State of New Jersey.

## PLAINTIFF and DEFENDANTS

5-7. BOA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 through 7 except to (a) admit that BOA is a national banking association and maintains a branch office at 597 Passaic Avenue, West Caldwell, New Jersey 07006, (b) admit that Plaintiff deposited the Counterfeit Check and (c) deny that the Counterfeit Check was an official check drawn on a BOA account of GSS.

## FACTS COMMON TO ALL COUNTS

8-14. To the extent paragraphs 8 through 14 contain conclusions of law, no response is required or made and BOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 8 through 14 except to (a) deny that the Counterfeit Check was an official check drawn on a BOA account of GSS, (b) admit that Plaintiff maintained certain bank accounts at BOA with

2

numbers ending in 5075 ("Account No. 5075") and 2399 ("Account No. 2399") during the periods referenced in the Complaint, (c) admit that at or about 10:59 a.m. on April 14, 2010, Plaintiff deposited the Counterfeit Check in the amount of $123,500.00 into Account No. 5075 and that the deposit slip for this transaction included a notation identifying Sub Account No. 08418 in the sub name "Nagano Japan Radio," (d) deny that BOA ever represented to Plaintiff that the Counterfeit Check had been paid, but state that $123,500.00 was provisionally credited to Account No. 5075 as a result of Plaintiff's deposit of the Counterfeit Check, (e) deny that money was withdrawn from a BOA account of GSS as a result of Plaintiff's deposit of the Counterfeit Check, (f) admit that at or about 8:34 a.m. on April 15, 2010, Plaintiff instructed BOA to execute in accordance with Plaintiff's authorization and instructions a wire transfer in the amount of $104,975.00 from Account No. 5075 to an account with a number ending in 0101 at HSBC Bank Malaysia Berhad and that BOA carried out Plaintiff's instructions, (g) admit that prior to midnight on April 15, 2010, BOA determined the Counterfeit Check would not be paid and, on April 16, 2010, charged back the $123,500.00 that had been provisionally credited to Plaintiff's Account No. 5075 as a result of Plaintiff's deposit of the Counterfeit Check, leaving Account No. 5075 with a negative balance of $94,536.42 on April 19, 2010, (h) admit that Plaintiff was notified of the return of the Counterfeit Check on or before April 19, 2010 (the next business day following the $123,500.00 charge back to Account No. 5075) and (i) admit that on or about April 19, 2010, Plaintiff attempted to recall the wire transfer in the amount of $104,975.00 initiated by Plaintiff at 8:34 a.m. on April 15, 2010 and state that BOA has attempted without success to accomplish the requested recall of, place a hold on or otherwise obtain refund of the

funds wired to HSBC Bank Malaysia Berhad in accordance with Plaintiff's instructions but has not been successful in this regard.

15. To the extent paragraph 15 contains conclusions of law, no response is required or made and BOA denies the remaining allegations of paragraph 15 and further states that the documents and information Plaintiff has demanded regarding any investigation by BOA of alleged fraud relating to the account of GSS constitute private and confidential documents and/or information in which GSS has a privacy interest and involve, in part, a bank investigation undertaken in anticipation of the filing of a Suspicious Activity Report ("SAR") such that much of the documentation and information requested are privileged, confidential and/or exempt from disclosure under applicable law including, but not limited to, 31 U.S.C. § 5381(g) (the "SAR Statute"), 12 C.F.R. § 21.11(k) (the "SAR Regulation") (jointly, the "Federal SAR Privilege"), the attorney-client privilege and/or the work product doctrine.

16-17. To the extent paragraphs 16 and 17 contain conclusions of law, no response is required or made and BOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 16 and 17 except to (a) admit that BOA has concluded that Plaintiff is responsible for the overdraft to Plaintiff's Account No. 5075 and (b) deny that Plaintiff has been denied access to its business accounts or that its Account No. 5075 has been "frozen."

BOA further states that, in addition to wiring $104,975.00 out of its Account No. 5075 at or about 8:34 a.m. on April 15, 2010, Plaintiff also conducted the following transactions, both of which directly benefited Plaintiff and increased the ultimate overdraft to Account No. 5075, causing further loss to BOA:

(a) at or about 11:00 a.m. on April 14, 2010 (one minute after depositing the Counterfeit Check), Plaintiff deposited Check No. 41574, in the amount of $17,025.00, drawn on Account No. 5075, into Account No. 2399 -- another account maintained by Plaintiff at BOA; and

(b) at or about 11:44 a.m. on April 14, 2010, Plaintiff instructed BOA to execute in accordance with Plaintiff's authorization and instructions a wire transfer in the amount of $1,500.00 from Plaintiff's Account No. 5075 to an account with number ending in 8158 at TD Bank, N.A. in the name of the Law Office of Mark Damore.

## CAUSES OF ACTION

### I.   NEGLIGENCE

18.   BOA repeats and realleges its responses to the allegations in paragraphs 1 through 17 as if same were fully set forth herein at length.

19-20.   To the extent paragraphs 19 and 20 contain conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraphs 19 and 20.

21-22.   To the extent paragraphs 21 and 22 contain conclusions of law, no response is required or made and BOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 21 and 22 except to deny any wrongful conduct on the part of BOA to the extent alleged therein and to deny any liability as to BOA to the extent alleged therein.

## II. NEGLIGENT MISREPRESENTATION

<u>As to Defendant, Bank of America</u>

23. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 22 as if same were fully set forth herein at length.

24. To the extent paragraph 24 contains conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraph 24.

## III. VIOLATION OF CONSUMER FRAUD ACT

25. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 24 as if the same were fully set forth herein at length.

26-34. To the extent paragraphs 26 through 34 contain conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraphs 26-34 except to state that during the time periods referenced in the Complaint, Plaintiff maintained certain banking accounts at BOA through which Plaintiff conducted various banking transactions.

## IV. NEGLIGENCE AS TO REGULATION CC

35. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 34 as if the same were fully set forth herein at length.

36-39. To the extent paragraphs 36-39 contain conclusions of law, no response is required or made and BOA states that the terms of any alleged OCC bulletins speak for themselves.

40. To the extent paragraph 40 contains conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraph 40 except to (a) admit that, over the many years BOA has been in existence, customers of BOA and those

of other financial institutions have been the victims of check fraud schemes whereby those customers were duped by persons unknown into depositing into their accounts counterfeit and otherwise fraudulent instruments purporting to be cashier's and teller's checks that these customers received from persons unknown and (b) deny any wrongful conduct on the part of BOA to the extent alleged therein and to deny any liability as to BOA to the extent alleged therein.

41-49. To the extent paragraphs 41-49 contain conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraphs 41-49 except to (a) admit that certain communications took place between representatives of Plaintiff and BOA but to deny that these communications took place as alleged by Plaintiff and deny that Plaintiff's recitations of alleged communications in these paragraphs completely and accurately set forth the substance of those communications and (b) deny any wrongful conduct on the part of BOA to the extent alleged therein and to deny any liability as to BOA to the extent alleged therein.

## V.  VIOLATION OF REGULATION CC

50. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 49 as if the same were fully set forth herein at length.

51-57. To the extent paragraphs 51-57 contain conclusions of law, no response is required or made and BOA (a) denies that it ever "made final settlement on" or finally paid the Counterfeit Check, (b) denies that a hold was place on the Counterfeit Check, (c) denies that BOA delayed the availability of funds following Plaintiff's deposit of the Counterfeit Check and (c) denies any wrongful conduct on the part of BOA to the extent alleged therein and denies any liability as to BOA to the extent alleged therein.

## VI.   CONVERSION

58.   BOA repeats and realleges its responses to the allegations in paragraphs 1 through 57 as if the same were fully set forth herein at length.

59-60.   To the extent paragraphs 59 and 60 contain conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraphs 59 and 60.

## VII.   BREACH OF CONTRACT

61.   BOA repeats and realleges its responses to the allegations in paragraphs 1 through 60 as if the same were fully set forth herein at length.

62-64.   To the extent paragraphs 62 through 64 contain conclusions of law, no response is required or made and BOA (a) admits that Plaintiff maintained an account relationship with BOA governed by, *inter alia*, certain agreements between Plaintiff and BOA, the terms of which speak for themselves and (b) denies any wrongful conduct on the part of BOA to the extent alleged therein and denies any liability as to BOA to the extent alleged therein.

## VIII.   BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

65.   BOA repeats and realleges its responses to the allegations in paragraphs 1 through 64 as if the same were fully set forth herein at length.

66-69.   To the extent paragraphs 66 through 69 contain conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraphs 66 through 69.

### IX. PUNITIVE DAMAGES

70. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 69 as if the same were fully set forth herein at length.

71-73. To the extent paragraphs 71 through 73 contain conclusions of law, no response is required or made and BOA denies any wrongful conduct on the part of BOA to the extent alleged therein and denies any liability as to BOA to the extent alleged therein.

### X. INTEREST AND COSTS

74. BOA repeats and realleges its responses to the allegations in paragraphs 1 through 73 as if the same were fully set forth herein at length.

75. To the extent paragraph 75 contains conclusions of law, no response is required or made and BOA denies the remaining allegations in paragraph 75.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief may be granted against BOA.

### SECOND SEPARATE DEFENSE

Plaintiff's action is barred by applicable provisions of the Uniform Commercial Code, Code of Federal Regulations and/or applicable agreements between Plaintiff and BOA.

### THIRD SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of *laches*.

## FOURTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of waiver.

## FIFTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of estoppel.

## SIXTH SEPARATE DEFENSE

Recovery of any alleged damages by Plaintiff against either BOA is limited by the doctrine of avoidable consequences.

## SEVENTH SEPARATE DEFENSE

Plaintiff's action is barred or diminished in whole or in part because the claimed loss, if any, was caused by Plaintiff's own contributory or comparative negligence.

## EIGHTH SEPARATE DEFENSE

Any damages allegedly sustained by Plaintiff as a result of the claims Plaintiff asserts in this action were caused by acts or omissions of third parties over whom BOA exercised no control, had no right of control and for whose actions BOA is not and cannot be liable.

## NINTH SEPARATE DEFENSE

While denying any liability to Plaintiff in this action, BOA states that any recovery of damages by Plaintiff against BOA in this action must be diminished in whole or in part by the amount of recovery of monies from other parties in this action and/or related actions, and/or the amount of monies paid or owing between and/or among the parties to this action with respect to the transactions underlying action.

## TENTH SEPARATE DEFENSE

The Complaint does not describe the claims being made against BOA with sufficient particularity to enable BOA to determine all defenses it may have in response to this action. BOA, therefore, reserves the right to assert all other defenses which may be pertinent to the Complaint and assert counterclaims and other claims once the precise nature of Plaintiff's claims are ascertained through discovery and investigation.

**WHEREFORE**, BOA demands judgment dismissing the Complaint and any and all claims asserted therein against BOA with prejudice, together with attorneys' fees, costs of suit and such other and further relief which the Court may deem just and reasonable.

## COUNTERCLAIMS

Defendant BOA, by way of Counterclaims against Plaintiff says as follows:

## JURISDICTION AND VENUE

1. As set forth in the Notice of Removal filed on behalf of BOA in this matter, complete diversity of citizenship exists between the parties in this matter and Plaintiff's Complaint alleges damages in excess of $75,000.00, exclusive of interest and costs such that this Court has original jurisdiction over this action under 28 U.S.C.A. §§ 1332 and 1441. Further and also as set forth in the Notice of Removal, this action arises in part out of alleged violations of Federal Regulation CC (12 C.F.R. §229.1, *et seq.*) such that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1441 and supplemental jurisdiction over the state claims stated in the Complaint and the Counterclaims under 28 U.S.C. §1367.

2.       The Court has personal jurisdiction over the parties in that (a) this action arises out of activities which took place in this District and (b) the parties reside in and/or generally conduct business activities within this District.

3.       Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) in that the parties reside in this District and/or a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

## FIRST COUNT

1.       As set forth in Plaintiff's Verified Complaint (the "Complaint"), Plaintiff's Account No. 5075 has become overdrawn as a result of the following transactions:

(a)      At or about 10:59 a.m. on April 14, 2010, Plaintiff deposited the Counterfeit Check in the amount of $123,500.00 into its Account No. 5075 at BOA and BOA provisionally credited the face amount of the Counterfeit Check to Plaintiff's Account on that same date.

(b)      Approximately one minute later, at or about 11:00 a.m. on April 14, 2010, Plaintiff deposited Check No. 41574 in the amount of $17,025.00 drawn on Plaintiff's Account No. 5075 into another account maintained by Plaintiff at BOA -- Account No. 2399.

(c)      At or about 11:44 a.m. on April 14, 2010, Plaintiff instructed BOA to execute in accordance with Plaintiff's authorization and instructions a wire transfer in the amount of $1,500.00 from Plaintiff's Account No. 5075 to an account with number ending in 8158 at TD Bank, N.A. in the name of the Law Office of Mark Damore.

(d)      At or about 8:34 a.m. on April 15, 2010, Plaintiff instructed BOA to execute in accordance with Plaintiff's authorization and instructions a wire transfer in

12

the amount of $104,975.00 from Account No. 5075 to an account with a number ending in 0101 at HSBC Bank Malaysia Berhad.

(e) Prior to midnight on April 15, 2010, BOA determined the Counterfeit Check would not be paid and, on April 16, 2010, charged back the $123,500.00 that had been provisionally credited to Plaintiff's Account No. 5075 as a result of Plaintiff's deposit of the Counterfeit Check, leaving Account No. 5075 with a negative balance of $94,536.42 on April 19, 2010.

2. Pursuant to the agreements between Plaintiff and BOA and otherwise, Plaintiff is obligated to make a deposit and/or payment to BOA sufficient to clear up the overdraft and any related charges.

3. BOA has demanded that Plaintiff deposit funds and/or make payment sufficient to clear up the overdraft and any related charges, but Plaintiff has refused to do so.

4. Pursuant to the agreements between Plaintiff and BOA and otherwise, Plaintiff is indebted to BOA for the entirety of any and all overdrafts to Plaintiff's account and all related charges and is liable to BOA for any and all damages BOA may incur as a result of the underlying activities including, but not limited to, attorneys' fees and costs.

## SECOND COUNT

1. BOA repeats and realleges the allegations set forth in the First Count of the Counterclaims as if same were fully set forth herein at length.

2. While denying any liability to Plaintiff for any damages allegedly sustained or to be sustained by it as alleged in the Complaint, Plaintiff has improperly and

wrongfully diverted and converted monies and property belonging to BOA and is liable to BOA for any and all damages BOA may incur as a result of these activities including, but not limited to, attorneys' fees and costs.

### THIRD COUNT

1. BOA repeats and realleges the allegations set forth in the preceding Counts of the Counterclaims as if same were fully set forth herein at length.

2. While denying any liability to Plaintiff for any damages allegedly sustained or to be sustained by it as alleged in the Complaint, Plaintiff has improperly and wrongfully received monies rightfully belonging to BOA, has been unjustly enriched to BOA's detriment and is liable to BOA for any and all damages BOA may incur as a result of these activities including, but not limited to, attorneys' fees and costs.

**WHEREFORE**, BOA demands judgment against Plaintiff for compensatory damages, together with interest, costs of suit, attorneys' fees and costs and such other and further relief which the Court may deem just and reasonable.

          **LAW OFFICES OF GREGG S. SODINI, LLC**
          Attorneys for Defendant Bank of America, N.A.

         By: _____
            GREGG S. SODINI, ESQ.

Dated: September 9, 2010

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify pursuant to Local Civil Rule 11.2 that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceedings, no other action, arbitration or administrative proceeding is contemplated at this time and I am currently unaware of any other parties who should be joined in this action, with the possible exception of Plaintiff's alleged "client," "Nagano Japan Radio," to the extent such company exists.

                          **LAW OFFICES OF GREGG S. SODINI, LLC**
                          Attorneys for Defendant Bank of America, N.A.

                    By: _____
                            GREGG S. SODINI, ESQ.

Dated: September 9, 2010