NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| BERGWALL LAW FIRM, P.C., | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civ. No. 10-4500 (DMC) (JAD) |
| BANK OF AMERICA, N.A., GLOBAL | : | |
| STAINLESS SUPPLY, INC., and | : | |
| SUMITOMO CORPORATION OF | : | |
| AMERICA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motions of Defendants Global Stainless Supply, Inc. ("GSS") and Sumitomo Corporation of America ("Sumitomo") to dismiss the Complaint on the basis of lack of personal jurisdiction and failure to state a claim.  No oral argument was heard pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, Defendants' motions are **granted**.

I. **BACKGROUND**[1]

Sometime in February 2010, an unidentified person obtained the bank account information of GSS, a distributor of pipes headquartered in Houston, Texas and began creating counterfeit checks purporting to be written against GSS's Bank of America ("BOA") account.  Defs.' Br. 2-3.

---

[1] The facts in the Background section have been taken from the parties' submissions.

According to GSS, "the payees on those checks were invariably instructed by the malefactor to deposit them and forward a portion of the proceeds abroad." Defs.' Br. 3. Upon learning of the fraudulent activity, GSS contacted BOA to notify it and to request closure of the account. GSS reported the counterfeit check scam to the Houston Police Department on March 17, 2010. Id.

Plaintiff, a small law firm, became a target of the GSS check scam. On March 29, 2010, Nagano Japan Radio Company Ltd. ("Nagano"), a Japanese company, retained Plaintiff to pursue the balance of a debt allegedly due and owing to Nagano in the amount of $654,000.00. Compl. ¶ 8. Plaintiff agreed to represent Nagano on a contingency basis of 15%. Id. Plaintiff does not describe any actions it took to collect the debt on Nagano's behalf. Instead, sixteen days after being retained, Plaintiff received a check in the amount of $123,500.00 purported to be drawn against a BOA account subscribed to GSS. Plaintiff deposited the check into its IOLTA account at 10:59 a.m. on April 14, 2010. BOA provisionally credited the face amount of the check to the IOLTA account on that same date. Compl. ¶ 9. The following day, at 8:34 a.m., Plaintiff instructed BOA to execute, and BOA did execute a wire transfer in the amount of $104,975.00 from the IOLTA account to an HSBC account in Malaysia in the name of Abidam Enterprise. Compl. ¶ 10. This transfer was made per Nagano's instructions and represented the net funds, minus Plaintiff's fee. Id.

Prior to midnight on April 15, 2010, BOA determined that the original check from GSS was counterfeit and could not be paid. Compl. ¶ 11. Accordingly, BOA charged back the $123,500 to Plaintiff's IOLTA account, which resulted in a negative balance on the account on April 19, 2010 of -$94,536.42. Compl. ¶ 13. Plaintiff contacted BOA to attempt a recall of the April 15 wire transfer. BOA was unable to retrieve any of the transferred funds.

As a result of the overdraft, BOA closed Plaintiff's IOLTA account, with the negative balance remaining, making Plaintiff unable to access the funds of other clients who had deposited moneys in trust with Plaintiff.

## II. <u>STANDARD OF REVIEW</u>

A. Personal Jurisdiction

A district court may exercise jurisdiction over a nonresident defendant to the extent permitted by the law of the state where the district court sits. <u>See</u> <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."). "New Jersey's long arm statute confers jurisdiction over nonresidents to the extent allowed under the United States Constitution." Horton v. Martin, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005).  The Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n</u>, 819 F.2d 434, 436-37 (3d Cir. 1987) (citation and internal quotations omitted).

For a court to exercise jurisdiction over a defendant, the defendant must have specific or general contacts with the forum.  See Horton, 133 Fed. Appx. at 860.  General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." <u>Associated Bus. Tel. Sys. Corp. v. Danihels</u>, 829 F. Supp. 707, 711 (D.N.J. 1993).  Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." <u>Id.</u>  "Once a defendant raises the defense of lack of

personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton, 133 Fed. Appx. at 860.   While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. . . . the plaintiff cannot rely on the pleadings alone but must provide actual proofs." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004).   If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

B. Failure to State a Claim

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

### III. <u>DISCUSSION</u>

A. Personal Jurisdiction over GSS

GSS seeks dismissal on the basis of lack of jurisdiction.  For this Court to have specific jurisdiction over GSS, the litigation would have to arise out of GSS's deliberate contacts with the state.  To exercise general jurisdiction over GSS, GSS would had to have continuous and systematic contacts such that it would be liable to any suit in New Jersey.

GSS has its corporate headquarters in Houston, Texas.  Defs.' Br. 2.  Defendant does not have an office in New Jersey or own or lease any property in the state, nor maintain a phone listing within New Jersey.  <u>Id.</u>  Defendant is not registered, qualified, licensed, or authorized to conduct business in New Jersey.  <u>Id.</u>  Defendant does not advertise in the state of New Jersey.  <u>Id.</u>  GSS does not have a bank account registered in New Jersey or pay taxes to the state.  <u>Id.</u>

Plaintiff argues that because Sumitomo owns other subsidiaries that do business in New Jersey, both GSS and Sumitomo have purposefully availed themselves of this state and thus are subject to jurisdiction.  Pl.'s Reply Br. 11-14.  The Court finds this argument unavailing.  First, and most importantly, Sumitomo does not contest personal jurisdiction.  Therefore, all arguments made by Plaintiff with regard to this defendant are irrelevant.  Second, it is well-established that simply alleging a corporate relationship as the basis for personal jurisdiction is insufficient to give rise to personal jurisdiction.  <u>See</u> <u>Alexander v. CIGNA Corp.</u>, 991 F. Supp. 427, 443 (D.N.J. 1998) ("A district court may not exercise jurisdiction over a defendant corporation if the only connection with the state is through that defendant's subsidiaries.").  While there may be personal jurisdiction over Sumitomo, and even one of Sumitomo's subsidiaries that allegedly operates in

New Jersey, there is absolutely no evidence to establish that GSS does business in New Jersey. Plaintiff itself only alleges that "Summit [a Sumitomo subsidiary] is responsible for the Northeast region and [GSS] is responsible for warehousing and distribution of product in the Southwest region."  Pl.'s Br. 13.  The Court finds this allegation, which in no way indicates that GSS does business in New Jersey, to be insufficient to support a finding of personal jurisdiction.

Plaintiff makes one final argument in support of specific jurisdiction, that GSS has sufficient contacts with the state because it operates an interactive website.  Id. at 14-16. Operating an interactive commercial website, however, is not sufficient to make GSS amenable to any suit in New Jersey.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or though sufficient other related contacts."  Id.  There is absolutely no evidence offered by Plaintiff that GSS has ever interacted with New Jersey residents on its website or that GSS has targeted its website to New Jersey residents.  Plaintiff's argument is based on pure conjecture.  Moreover, Plaintiff never alleges that any purported contact between GSS and New Jersey via its website gives rise to the present litigation, which is required for a Court to exercise specific jurisdiction.  Accordingly, Plaintiff has failed to establish that specific jurisdiction exists over GSS.  Given that there is not even specific jurisdiction over GSS, the Court cannot find that GSS has any contacts with New Jersey that are continuous and systematic enough to trigger general jurisdiction.

B. Failure to State a Claim

The allegations against Sumitomo are relegated to only one paragraph in the Complaint in which Plaintiff states "Sumitomo should have, among other things, required that its subsidiary close its account . . . should have been aware of the fraud involving its subsidiary's account and should not have allowed the authorization of a check clearly out of sequence and not resembling GSS' operating checks."  Compl. ¶ 22.  The Complaint further alleges that "Sumitomo negligently supervised the account and bookkeeping of its subsidiary" and that this negligence "was a proximate cause of Plaintiff's actual damages."  Id.

To sustain a negligence claim under New York law, Plaintiff must establish the following elements: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages."  Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 400 (2009).  Plaintiff has failed to allege that Sumitomo owed a known duty of care to Plaintiff, nor has Plaintiff alleged that there was a breach of that duty.  The Court is also not aware of any authority to support the proposition that the corporate parent of a victim of an ongoing fraudulent scheme owes a duty of care to the future unknown targets of that scheme.  Accordingly, Sumitomo's motion to dismiss for failure to state a claim must be granted.

## IV.  CONCLUSION

For the reasons stated, GSS' motion to dismiss for lack of personal jurisdiction and Sumitomo's motion to dismiss for failure to state a claim are both granted.


            S/ Dennis M. Cavanaugh
            Dennis M. Cavanaugh, U.S.D.J.

Date:           May  3  , 2011
Orig.:           Clerk
cc:              All Counsel of Record
                  Hon. Joseph A. Dickson, U.S.M.J.
                  File